**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br>Master Docket Case No. 1:14-cv-01748<br>Honorable Matthew F. Kennelly |
| This document relates to:<br><br>*Nolte v. AbbVie Inc.*, No. 1:14-cv-08135 | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
ABBVIE'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 10**

Ronald Johnson, Jr.
SCHACHTER, HENDY & JOHNSON PSC
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: rjohnson@pschacter.com

Trent B. Miracle
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2252
Email: tmiracle@simmonsfirm.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

Plaintiffs' Co-Lead Counsel *on behalf of* Plaintiffs' Steering Committee

January 5, 2018

## ARGUMENT

AbbVie's supplemental brief in support of its Motion *in Limine* No. 10, and corresponding filing of now un-redacted Trial Exhibit 887 (a 2005 email exchange relating to its FDA lobbying efforts), changes nothing. The motion fails and should be denied.

There are multiple pieces of record evidence to support the argument that 2005 interactions between AbbVie's predecessor (Solvay) and FDA evidenced the company's intention to avoid a negative labeling change. Solvay's response to FDA's class labeling request gave rise to the following timeline of events, which remain undisputed record facts: (1) on June 28, 2005, Solvay's Manager of Regulatory Affairs, Steven Wojtanowski, sent an email to Patroski Lawson, head of Solvay's Government Affairs, regarding the "political needs" relating to the class labeling response for AndroGel, asking about, *inter alia*, "those who have influence at the FDA," *see* Trial Exhibit 192, attached hereto as Exhibit A; (2) on August 26, 2005, Mr. Wojtanowski emailed other Solvay employees regarding the "Third AndroGel White Paper," the purpose of which was to "proactively address the expected testosterone class-labeling guidance," *see* Trial Exhibit 113, attached hereto as Exhibit B; (3) in follow-up to that email, Mr. Wojtanowski explained further that, as to "filing strategy (and dates)," Frank Sasinowski (Solvay's attorney / lobbyist) was set to have "an informal meeting with the FDA on September 01," *see id.*; (4) on August 31, 2005, Mr. Wojtanowski emailed again about that upcoming meeting with Daniel Shames at FDA, with Mr. Sasinowski copied, *see* Trial Exhibit 888, attached hereto as Exhibit C; (5) meeting minutes of the "Testosterone Class Labeling Response Team," dated October 4, 2005, detail that Solvay would be asking for an update from Mr. Sasinowski concerning "any FDA informal communications," *see* Trial Exhibit 728, attached hereto as Exhibit D; (6) on November 30, 2005, Mr. Wojtanowski reported back to others at Solvay that "outside legal counsel recently had the opportunity to talk

with Dan Shames on **several matters**," passing along an email summarizing Mr. Sasinowski's "debrief" of that meeting, where the white papers came up in discussion, *see* AbbVie Supplemental Motion *in Limine*, at Exhibit A; (7) by March 2007, Mr. Sasinowski was reporting back to Mr. Wojtanowski and others at Solvay that Dr. Shames had been moved off the class labeling issue, *see* Trial Exhibit 250, attached hereto as Exhibit E; and (8) both Mr. Wojtanowski and Mr. Sasinowski was eventually successful in hiring Dr. Shames as a consultant – separately for both Solvay and Mr. Sasinowski's law firm. *See* Trial Exhibit 163, attached hereto as Exhibit F, and Trial Exhibit 218, attached hereto as Exhibit G.

The relevant big picture here is that Solvay saw Dr. Shames as a TRT critic and the upcoming class labeling changes as a threat and that Solvay sought to navigate and forestall the threat by "informal" dialogue with FDA, through Mr. Sasinowski. In short, the email—redacted or not—remains relevant for the jury's consideration of AbbVie's motives, acts, and omissions relating to AndroGel product labeling. One inference is that the interactions with FDA and AbbVie, through its lobbyist, Mr. Sasinowski, were completely benign and not at all driven toward softening the blow of impending label changes. Another inference is that there is a good reason for *every* dollar spent by AbbVie, and the lobbying dollars it spent in this instance were aimed at a particular purpose: avoiding a labeling change, or at least avoiding as much negative impact from a labeling change as possible.

Accordingly, Plaintiff submits that the strictures already put in place by the Court for use of this document on cross examination of AbbVie's witnesses are more than sufficient to protect against any "insinuations" by Plaintiff that allegedly would result in unfair prejudice to AbbVie. No further exclusion or preclusion is warranted, and Plaintiff respectfully requests that AbbVie's motion be denied.

Dated: January 5, 2018                    Respectfully submitted,

                                                    */s/ Ronald Johnson, Jr.*
Ronald Johnson, Jr.
SCHACHTER, HENDY & JOHNSON PSC
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: rjohnson@pschacter.com

Trent B. Miracle
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2252
Email: tmiracle@simmonsfirm.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

Plaintiffs' Co-Lead Counsel *on behalf of* Plaintiffs'
Steering Committee

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2018, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

*/s/ Brendan A. Smith*
Brendan A. Smith