**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-cv-01748 MDL No. 2545 |
| This Document Relates To: | Honorable Matthew F. Kennelly |
| *Nolte v. Abbvie., et al.* Case No.: 1:14-cv-08135 | |

**PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S LETTER BRIEF ON REVISIONS TO DRAFT INSTRUCTIONS TO THE JURY**

Plaintiff files this brief in response to the Court's January 24, 2018 minute entry directing the parties to respond to the other side's draft jury instruction submission.

Plaintiff's responses will track the defendant's arguments in the order defendants presented them in their letter brief. The Plaintiff's responses are as follows:

**I.  Proximate Cause**

Defendants allege that the proximate cause instruction proposed by the Court (which follows the Arizona Pattern Jury Instruction) is incomplete; lacking a "second element" of proving AbbVie's conduct was a substantial factor in bringing about the plaintiff's harm.

The Arizona Pattern Jury Instructions from which this Court modeled its own draft proximate cause instructions cite to two (2) Arizona Supreme Court cases; McDowell v. Davis, 104 Ariz. 69, 448 P.2d 869 (1968); Porterie v. Peters, 111 Ariz. 452, 532 P.2d 514 (1975).

In *McDowell*, the Arizona Supreme Court pointed out that, "The use of the word 'substantial' in a jury instruction is open to serious criticism in that it is a source of additional confusion injected into an already difficult area of law." McDowell at 71. The Court explained how the use of the word "substantial" was rife for jury confusion:

1

"Commonly, we speak in terms of a substantial amount as in a substantial meal or a substantial income. If this meaning is attributed to the word, the instruction is palpably erroneous as inducing the concept of largeness as opposed to smallness. It is not how little or how large a cause is that makes it a legal cause, for a proximate cause is *Any* cause which in a natural and continuous sequence produces the injury and without which the result would not have occurred."

[***Emphasis*** added, but the Court itself capitalized "Any" for its own emphasis.]

Id. at 71–72.

In *Porterie*, the Arizona Supreme Court provided the following instruction which resembles the instructions being proposed in the Court's Draft Instructions for the Jury and the Plaintiff's additions:

"A proximate cause of an injury is any cause which in the natural and continuous sequence unbroken by an efficient intervening cause produces the injury and without which the injury would not have occurred. There may be more than one proximate cause of an injury." Porterie at 456

The Court concluded, "Such instructions are a correct statement of the law and the jury was properly instructed in the issue of proximate cause." Id.

Germane to the "substantial" issue at hand, the Court remarked, "Mere abstract legal rules should not be given unless they are applicable to the issues in the case at issue." Id. "It is not necessary for the trial judge to instruct on every refinement suggested by counsel." Id. at 458.

Therefore, Plaintiff asks the Court to retain its current draft proximate cause instructions, but consider the simple, clarifying instruction that AbbVie's conduct need not be the only cause of Mr. Nolte's injuries, just "a cause."

## II. **Learned Intermediary**

The Supreme Court of Arizona in *Porterie* is again informative, this time on the learned intermediate instruction issue as it pertains to the case of Bob Nolte. "Instructions must be measured by the facts and circumstances of the case in which they are given." Porterie at 456.

Plaintiff does not deny that learned intermediary is law in Arizona, just that such a jury instruction is unnecessary and likely to confuse the jury as to the rights of the Plaintiff. The evidence presented and testimony elicited by the Plaintiff's counsel at trial show that at the center of Plaintiff's case is the allegation that AbbVie failed to warn his prescribing doctor of the dangers of Androgel to someone like his patient, Bob Nolte. If the jury is to find AbbVie failed to warn Mr. Nolte's prescribing doctor, one can assume the patient was likewise, unwarned.

For those claims affected by the learned intermediary doctrine, adding an instruction which explicitly states no duty was owed to the plaintiff (as Defendant's current suggested instruction reads) may tend to misstate the law and confuse the relationship between pharmaceutical manufacturers, prescribing doctors, and consumers to the jury.

If the Court so decides a learned intermediary instruction is warranted, Plaintiff suggests an instruction like found in Watts v. Medicis Pharm. Corp., 239 Ariz. 19, 24, 365 P.3d 944, 949 (2016), which clarifies AbbVie's duties and obligations to the public:

> **If the manufacturer provides complete, accurate, and appropriate warnings about the product to the learned intermediary, it fulfills its duty to warn the consumer.**

3

**III.    Compensatory Damages Instructions**

Defendants proposed changes for the fourth and fifth claims, the Defendants are erroneously citing to case law regarding the Arizona Consumer Fraud Act  § 44, 1521 – 1534.

Arizona Pattern Jury Instruction – Commercial Torts 24 – Consumer Fraud provides for the proper jury instructions for consumer fraud.  Comment section provides further:

"Consequential damages is a proper measure of damages in a fraud action, and the defrauding party may not limit proof of damages to the benefit of the bairgain.  *Ashley v. Kramer,* 8 Ariz. App. 27, 442 P. 2d 564 (1968);  *Bechtel v. Liberty Nat'l Bank,* 534 F.2d 1335 (9th Cir.  1976).  Although not every fraud case will support punitive damages, they may be recovered where a proper basis under Arizona law is established."

**IV.    Compensatory Damages as Pre-Requisite to Punitive Damages**

Plaintiff is aware of the Court's prior ruling in related case, Mitchell v. AbbVie, regarding awards of punitive damages in absence of compensatory damages and defers to the Court on this matter.  If the Court so chooses to craft such an instruction, the following language is preferable to Plaintiff:

**If the jury wishes to award Mr. Nolte punitive damages, it must first award him compensatory damages.**

Dated: January 25, 2018                                          Respectfully submitted,

                                                                                /s/ Henry Watkins
                                                                                Henry Watkins
                                                                                Morgan & Morgan , Complex Litigation Group
                                                                                600 N. Pine Island Rd., Suite 400
                                                                                Plantation, FL 33324
                                                                                ***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I, Henry Watkins, do hereby certify that on January 25, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send e-mail notification of such filing to all registered attorneys of record.

/s/ Henry Watkins<br>
Henry Watkins