UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | CASE NO. 1:14-CV-01748<br>MDL 2545<br><br>JUDGE MATTHEW F. KENNELLY<br><br>This Document Relates to:<br><br>*Nolte* v. *AbbVie*,<br>Case No. 1:14-cv-08135 |
|---|---|

## ABBVIE'S MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FRCP 50(A)

Defendants AbbVie Inc. and Abbott Laboratories (collectively "AbbVie") respectfully request the Court to grant judgment as a matter of law in its favor under Federal Rule of Civil Procedure 50(a) on each of Plaintiff's claims. Judgment as a matter of law is warranted for the following reasons:

*First*, Plaintiff has presented no evidence from which a reasonable jury could conclude that Plaintiff, or his prescribing doctor, Dr. Stazzone, relied on any affirmation, promise, or representation made by AbbVie, whether explicit or implicit, disposing of Plaintiff's claims for breach of warranty, fraud, and negligent misrepresentation as a matter of law. Specifically:

- Plaintiff cannot identify any AbbVie advertisements or marketing materials that he viewed prior to his AndroGel prescription.

- The record is replete with evidence that Plaintiff did not rely on representations made by AbbVie, but instead relied solely on Dr. Stazzone.

- There is no evidence that Dr. Stazzone deviated from his normal practice, including to disregard product-specific information from sales representatives, and relied on representations by AbbVie in prescribing AndroGel to Plaintiff.

*Second*, Plaintiff has failed to present substantial evidence from which a reasonable jury could conclude that the AndroGel 1% label caused it to be unreasonably dangerous, particularly given that his expert on warnings, Dr. Pence, testified that the label warned doctors of

thromboembolic events, including pulmonary embolisms, disposing of his information defect and negligent failure to warn claims as a matter of law:

- The 2011 AndroGel prescribing information and medication guide disclosed risks relating to deep vein thrombosis and blood clots in the legs, and the potential for increased hematocrit to increase risk of a thromboembolic event.

- There is no evidence that this information was inadequate to apprise Dr. Stazzone, to whom AbbVie owed its duty to warn under Arizona's learned intermediary doctrine, of the relevant risks presented by AndroGel, particularly in light of Dr. Pence's testimony that doctors understand that the real risk of a blood clot in the legs is its potential to travel to the lungs.

- There is no evidence that, had AbbVie used Plaintiff's preferred 2014 AndroGel warning at the time of his prescription, Dr. Stazzone would have been dissuaded from prescribing AndroGel to Plaintiff, as Dr. Stazzone did not address the 2014 AndroGel warning in his testimony.

***Third***, Plaintiff has failed to present substantial evidence that AndroGel proximately caused his second pulmonary embolism and that it would not have occurred but for AndroGel, disposing of each of his claims as a matter of law:

- Plaintiff's expert did not adduce sufficient scientific evidence to establish, as a general matter, that AndroGel causes pulmonary embolisms.

***Finally***, Plaintiff has failed to present evidence sufficient to support his request for punitive damages:

- There is no evidence that AbbVie engaged in the type of malicious or wanton conduct needed to warrant punitive damages, or that there is a nexus between any such alleged conduct and Plaintiff's injury.

**CONCLUSION**

For each of these reasons, and as set forth in the accompanying memorandum, AbbVie respectfully requests that the Court enter judgment as a matter of law against Plaintiff on all counts.

Dated: January 25, 2018                     Respectfully submitted,

*/s/ James F. Hurst*
James F. Hurst
Hariklia Karis
Zachary D. Holmstead
Rebecca Fitzpatrick
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654-5412

***Counsel for AbbVie Inc. and Abbott Laboratories***

3

**CERTIFICATE OF SERVICE**

I, James F. Hurst, hereby certify that on January 25, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ James F. Hurst*
James F. Hurst
