UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | CASE NO. 1:14-CV-01748<br>MDL 2545<br><br>JUDGE MATTHEW F. KENNELLY<br><br>This Document Relates to:<br><br>*Nolte* v. *AbbVie*,<br>Case No. 1:14-cv-08135 |

### ABBVIE'S MEMORANDUM IN SUPPORT OF BILL OF COSTS

On January 26, 2018, this Court entered a Judgment in favor of AbbVie on each of plaintiff's claims (Docket No. 122). Pursuant to 28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.1, AbbVie Inc. and Abbott Laboratories (together, "AbbVie") respectfully submit this memorandum, together with the accompanying Declaration of Hariklia Karis (the "Karis Declaration"), in support of AbbVie's Bill of Costs, submitted herewith. As stated in the Karis Declaration, these costs are correct and were necessarily incurred in this action and the services for which the fees have been charged were actually and necessarily performed.

### LEGAL STANDARD

As the prevailing party, AbbVie is entitled to recover costs from plaintiff. *See Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Rule 54(d)(1) provides that the prevailing party should be allowed costs, "[u]nless a federal statute, these [Federal Rules of Civil Procedure], or a court order provide otherwise." Among the costs the Court may tax are: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are

necessarily obtained for use in the case….." 28 U.S.C. § 1920; *see also Weeks,* 126 F.3d at 945 ("The Supreme Court has determined that 28 U.S.C. § 1920 defines the term 'costs' as it is used in Rule 54(d).") There is "a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Id*.

## DISCUSSION

As set forth in the accompanying Bill of Costs and discussed in more detail below, AbbVie seeks (1) $27,556.97 for trial transcripts and original deposition costs (comprised of $18,843.30 for trial transcripts and $8,713.67 for deposition costs); (2) $6,127.86 for witness costs; and (3) $17,948.65 for copying costs of trial and demonstrative exhibits, for a total amount of $51,633.48 *See* Karis Decl. Ex. A (Summary of Costs).

**I.     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case - 28 U.S.C. § 1920(2)**

**A.     Trial Transcripts**

AbbVie seeks $18,843.30 for 12 days of trial transcripts, including the Realtime feed and daily delivery, which were necessary for AbbVie to prepare for its examinations, its closing statement, and its Motion for Judgment as a Matter of Law (Docket No. 119). *See* Karis Decl. Ex. B. Such costs are properly recoverable in this jurisdiction, and AbbVie's combined rate of $6.30 per page for these services is less than the maximum rate permitted for this jurisdiction. *See* N.D. Ill. General Order 12-0003 (January 26, 2012) (Allowing $6.05 per page for "Daily Transcript" and $3.05 per page for "Realtime Transcript"); *See also In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 855–56 (N.D. Ill. 2015) (awarding Realtime charges to prevailing party); *Majeske v. City of Chicago*, 218 F.3d 816, 825–26 (7th Cir. 2000) (upholding district court's award of costs associated with daily transcripts).

### B. Deposition Transcripts

AbbVie seeks $8,713.67 for a portion of the costs associated with original deposition transcripts and deposition videos. *See* Karis Decl. Ex. C. Recovery of costs for deposition transcripts is authorized if the depositions were "reasonably necessary." *Jack-Goods v. State Farm Mut. Auto. Ins. Co.,* No. 01 C 6536, 2004 WL 1672864, at *2 (N.D. Ill. July 23, 2004). ("The transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'") (internal citations omitted) AbbVie seeks a portion of the costs related to obtaining the deposition transcripts of eight witnesses who testified at trial, as these transcripts were reasonably necessary to prepare for direct and cross examinations. AbbVie also seeks costs relating to the deposition transcripts of four witnesses—Tara Keen, Ali Madani, Eileen Mahler, and Anthony Stazzone—whose deposition testimony was either played or recited in Court, as these transcripts were necessary for selecting affirmative and counter designations. Finally, AbbVie seeks costs relating to the deposition transcript of Joyce Meyer, from which plaintiff submitted, but did not ultimately play, designated testimony. (Docket No. 67) As set out in the Karis Declaration, AbbVie seeks a portion of the costs for the following deposition transcripts:

1. Bauer, Kenneth;
2. Bierer, Barbara;
3. Keen, Tara;
4. Kessler, David;
5. Khera, Mohit;
6. Madani, Ali;
7. Mahler, Eileen;
8. Marais, M. Laurentius;
9. Meyer, Joyce;
10. Nolte, Robert;
11. Pence, Peggy;
12. Rinder, Henry;
13. Stazzone, Anthony

Copies of the invoices for these depositions are attached as Exhibit C to the Karis Declaration.

Local Rule 54.1(b) limits deposition transcript costs to the "regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." *See* N.D. Ill. L.R. 54.1(b). During the time discovery was taken in this case, that amount was $3.65 per page for original transcripts. *See* N.D. Ill. General Order 12-0003 (January 26, 2012). Additionally, "[c]ourt reporter appearance fees may be awarded in addition to the per-page limit, but the fees shall not exceed the published rates on the Court website." *See* L.R. 54.1. Those rates are $110 for one half day (4 hours or less), and $220 for a full day attendance fee. *See* N.D. Ill. Transcript Rates, (available at http://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates, last visited Feb. 20, 2018). AbbVie has reduced its requests where the court reporter attendance fee or the actual deposition transcript cost exceeded the limits for this jurisdiction.

For depositions arranged by plaintiff, AbbVie seeks the actual, as-billed amounts. *See Intercontinental Great Brands LLC v. Kellogg N.A. Co.*, No. 13 C 321, 2016 WL 316865, at *3 (N.D. Ill. Jan. 26, 2016) (Kennelly, J.) (taxing "the full cost of the deposition transcripts for the depositions that IGB arranged"). For depositions arranged by AbbVie, AbbVie seeks only the regular copy rate referenced in N.D. Ill. L.R. 54.1.

For those witnesses whose deposition testimony is potentially applicable to any of the six other bellwether trials, AbbVie seeks only one seventh of the total available costs. This applies to Drs. Bauer, Bierer, Kessler, Khera, Marais, Pence, and Rinder. Additionally, although AbbVie incurred costs associated with the depositions of numerous AbbVie employees (*e.g.,* Michael Miller, Steven Wojtanowski, Linda Scarazzini, etc.), it does not now seek recovery of those costs because those depositions could potentially be used in future trials. AbbVie reserves the right to seek recovery for some or all of those costs in the future.

### C. Video Costs

AbbVie seeks video costs for the deposition of Tara Keen, whose deposition testimony was played at trial. *See* Trial Tr. at 1865; *See also,* Karis Decl. Ex. C; *See also Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) ("[T]he costs of both video-recording and stenographic transcription" may "be taxed to the losing party.")

## II. Costs for witnesses - 28 U.S.C. § 1920(3)

Pursuant to 28 U.S.C. § 1821(c)(4) and (d), AbbVie seeks costs for per diem lodging (at $130 per day) and subsistence (at $74 per day) for each day of trial testimony, as well as normal travel expenses, in the total amount of $6,127.86 for Bauer, Bierer, Khera, Marais, Miller, and Wojtanowski. *See* Karis Decl. Exs. G-L. These amounts were calculated for witnesses for whom Chicago "is so far removed from [their] residence . . . as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1). *See Majeske v. City of Chicago,* 218 F.3d 816, 825–26 (7th Cir. 2000) ("Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses"); *Hillmann v. City of Chicago*, No. 04 C 6671, 2017 WL 3521098, at *10 (N.D. Ill. Aug. 16, 2017) ("[C]ourts in this District have routinely awarded costs for expert witnesses' travel expenses.").

## III. Fees for exemplification and copies of papers necessarily obtained for use in the case - 28 U.S.C. § 1920(4)

AbbVie seeks $16,975.14 for the cost of creating three copies of all trial exhibits—a copy each for the witness, plaintiff's counsel, and AbbVie's counsel. *See* Karis Decl. Ex. D. AbbVie also seeks costs in the amount of $973.51 incurred for the creation of three demonstrative posters used at trial to assist and orient the jury. *See* Karis Decl. Ex. E. The first two posters, which displayed frequently used acronyms and statistics about clotting events, were introduced during AbbVie's opening statement and used throughout the trial. The third poster displayed a detailed

5

timeline of relevant events and FDA reports, and was used in association with the direct examination of Dr. Linda Scarazzini. Each of these demonstrative exhibits was reasonably necessary to ensure that the jury was able to comprehend the issues of the case, which were presented over several weeks and involved sophisticated and complex medical terminology and themes covering many years. *The Medicines Co. v. Mylan Inc.*, No. 11-CV-1285, 2017 WL 4882379, at *11 (N.D. Ill. Oct. 30, 2017) (Awarding defendant costs of creating demonstratives).

## CONCLUSION

For the foregoing reasons, AbbVie respectfully request that the Court tax plaintiff with the costs set forth in AbbVie's Bill of Costs.


Dated: February 26, 2018

/s/ Hariklia Karis
James F. Hurst
Hariklia Karis
Zachary D. Karis
Rebecca Fitzpatrick
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654-5412

*Counsel for AbbVie Inc. and Abbott Laboratories*

## CERTIFICATE OF SERVICE

    I, Hariklia Karis, hereby certify that on February 26, 2018, the foregoing document was filed via the Court's ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

<u>/s/ <i>Hariklia Karis</i></u><br>
Hariklia Karis, P.C.